SOLOMON A. WOODS *vs.* RICHARD N. OAKMAN, assignee.

Suffolk. Nov. 10, 1874. — Jan. 11, 1875. WELLS & DEVENS, JJ., absent.

A. sold a machine to B. for $385, for which notes were given, but the machine was by the terms of sale not to become B.'s property until payment, and upon delivery a writing was signed to that effect. Subsequently B. wrote to A. for another machine "like the one we had of you before, same size." A. replied, "We shall have another in a few days which we can send you, just same as the other you had; price, $410." B. then wrote, ordering the machine, "same size as we had of you before." The machine was delivered, and no notes or contract given; and B. soon after became bankrupt. *Held,* in an action for the conversion of the second machine, against B.'s assignee, that the letters showed, in language free from ambiguity, a contract of sale, without conditions or reference to the terms of the previous sale; and that extrinsic evidence was not admissible to explain it.

TORT for the conversion of a moulding machine. Trial in the Superior Court, before *Putnam,* J., who reported the case to this court in substance as follows :

The defendant is assignee of the firm of Richardson & Co., bankrupts, and took this machine as part of the property of the bankrupts. The action was brought after a demand and refusal, and the requisite preliminary notices. The plaintiff, to prove his title to the machine, offered in evidence three letters, one dated June 4, 1872, from Richardson & Co., to the plaintiff; one dated June 6, 1872, being reply of Richardson & Co. to the plaintiff; and one dated June 11, 1872, ordering the machine, by Richardson & Co. [The material parts of these letters are stated in the opinion.] It was agreed that the parties never saw each other in reference to this machine, and that the whole negotiation between them, so far as this machine was concerned, except as hereinafter stated, was embraced in these three letters. The machine was

sent by the plaintiff to Richardson & Co., immediately after the receipt by him of their letter of June 11.

The plaintiff then offered to show that, prior to this time, another moulding machine, similar to this, had been delivered by him to Richardson & Co.; that it was delivered on an agreement that Richardson & Co. should pay for it on three and four months' credit, the machine meanwhile to be leased by the plaintiff to Richardson & Co., until such payments were made, and that it was leased accordingly; that certain correspondence passed between them in reference to such machine, by letters; that when the previous machine was delivered, Richardson & Co. were notified by the plaintiff that a lease was required according to their custom, and that they therefore signed a lease, dated December 19, 1871. This lease was made part of the report. By its terms, the machine was to remain the property of the seller until the notes given for the price should be paid. The plaintiff also offered to show that at the time the first machine was bought, another machine was partially negotiated for on the same terms, and that Richardson & Co. subsequently admitted to the plaintiff that they ought to sign a lease of the machine in controversy. This, however, was after Richardson & Co. became insolvent, and had notified their creditors to attend a meeting to act upon their insolvency, and no lease was ever signed.

The plaintiff contended that the clause in the letter of June 6, 1872, "just same as the other one you had," referred to the terms of the previous sale, and that if not, it was ambiguous, and that the evidence offered was admissible, as tending to show that the parties meant by it, upon the "same terms" as before, and that they intended at the time that this second machine should be leased like the other, and that it was not to be an absolute sale.

The judge excluded the offer, and ruled that the three letters, of June 4, 6 and 11, showed an absolute sale; that there was no ambiguity in their meaning, and ordered a verdict for the defendant, to which ruling the plaintiff excepted, and the case is reported by agreement of parties, upon this ruling. If it is correct, judgment is to be entered upon the verdict. If incorrect, a new trial is to be ordered.

*B. Dean*, for the plaintiff.

*E. S. Mansfield*, (*C. Allen* with him,) for the defendant.

ENDICOTT, J. The question here raised is, whether the letters by which this machine was purchased contain, in language free from ambiguity, a contract of sale, without any conditions or reference to the terms of a previous sale of a similar machine. Upon a careful examination of these letters, we fail to find any such reference to the previous sale and the terms thereof, as the plaintiff contends is to be found in the language used.

A moulding machine was purchased of the plaintiff by Richardson & Co. in December, 1871, for $385, for which notes were given, but the machine was not to become the property of Richardson & Co. till the notes were paid, and when the machine was delivered, a lease to this effect was executed by the parties. In June, 1872, Richardson & Co. wrote for another machine " like the one we had of you before, same size." To this the plaintiff replied, " We shall have another in a few days, which we can send you just same as the other you had. Price is $410.' Richardson & Co. thereupon order the machine of the "same size as we had of you before." The machine was sent ; no lease or notes were given, as in the previous sale.

It is clear that the words " just [the] same," in the plaintiff's letter, refer to the machine, and not merely to the words " send you," and cannot be held capable of the construction, send you on just the same terms as we sent the other. The price named, also, is different from the former, showing it is the machine to be sent which is to be the same, not the terms of the sale. No reference is made in either of the letters of Richardson & Co. to the terms of the former sale, but the machine is to be the same in size and character. There is nothing equivocal or ambiguous in the language which can admit extrinsic evidence to explain it. The letters show a contract for the sale of a machine similar in size and construction to one previously bought, and for a certain price. As a delivery followed, the title passed to Richardson & Co., and, upon their bankruptcy, to their assignee.

*Judgment on the verdict.*